**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:18-cr-10043-FDS |
| | ) | |
| AUSTIN WILKERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

On December 14, 2018, the defendant Austin Wilkerson waived indictment and pled

guilty to an Information charging him with three counts of distribution of a controlled substance

in violation of 21 U.S.C. § 841.  Sentencing is scheduled for December 19, 2019.  Due to his

performance the U.S. Probation Department's Repair, Invest, Succeed, Emerge ("RISE")

program, and for the reasons stated below and to be discussed further in Court, the government

requests a sentence of 3 years of probation.

I.      **BACKGROUND OF THE CASE**

The facts of the case have been detailed in the December 13, 2019 Presentence

Investigation Report ("PSR"), and the government fully adopts those facts.  PSR ¶¶8 – 27.  To

summarize, on multiple occasions in 2017, Mr. Wilkerson distributed crack cocaine to one of the

residents living at the Veterans Affairs Medical Center ("VAMC") in New Bedford,

Massachusetts.  The resident then further distributed the narcotics to other residents living at the

facility.  *Id.*

In addition to the facts outlined in the PSR, the government states Mr. Wilkerson was

arrested along with three other men in a U.S. Department of Veterans Affairs Office of Inspector

General investigation into drug distribution at the VA Hospital in New Bedford.  One of the

defendants, Mendol Wicks, a former employee of the VAMC was also accepted into the RISE

program, and after successful completion, received a sentence of three years probation.  *See U.S. v. Wicks*, 18-cr-10042-WGY.  Another of the defendants, Michael Sexton, who lived at the VAMC and was the individual the defendant sold crack to for further distribution, was likewise accepted into the RISE program.  After successful completionof the program, Mr. Sexton received a sentence of time served and two years of supervised release.  *See U.S. v. Michael Sexton*, 18-cr-10045-DPW.  The third defendant, Demone Coleman, was arrested in Maine on separate drug trafficking charges, and his Massachusetts case was transferred to the District of Maine for federal prosecution pursuant to Rule 20 of the Federal Rules of Criminal Procedure.  *See U.S. v. Demone Coleman*, 18-cr-12-JAW.

## II.     ADVISORY SENTENCING GUIDELINES

The government adopts the sentencing guidelines analysis applied by the PSR, which found that Mr. Wilkerson is responsible for approximately 5.87 grams of cocaine base.  PSR ¶34.  Mr. Wilkerson's base offense level is 16, and he receives a three-level decrease for acceptance of responsibility.  *Id.* at ¶¶41-42.

Mr. Wilkerson's Criminal History Category is II.  *Id.* at ¶¶55 – 56.  At a total offense level of 13 and a Criminal History Category of II, Mr. Wilkerson's Guidelines Sentencing Range ("GSR") is 15 – 21 months of imprisonment.

## III.     THE GOVERNMENT'S RECOMMENDATION

Based on Mr. Wilkerson's performance in the RISE program and the transformation he has made in his life, the U.S. Attorney's Office believes Mr. Wilkerson has earned a non-committed sentence.  In terms of Mr. Wilkerson's eligibility for a term of probation, the PSR states that under the United States Sentencing Guidelines ("USSG"), he is ineligible.  *Id.* at p. 30.  Pursuant to USSG § 5B1.1, application note 2, when a defendant's GSR is in Zones C or D of the Sentencing Table, the defendant is not be eligible for a sentence of probation.  Mr.

Wilkerson's GSR falls into Zone D.  However, pursuant to 18 U.S.C. § 3561(c)(1), a defendant who has been found guilty of an offense may be sentenced to a term of probation unless: i) the offense is a Class A or B felony; ii) it is not prohibited by statute, or iii) the defendant is sentenced at the same time to a term of imprisonment for a similar offense.  None of these exclusions apply to Mr. Wilkerson.  As such, Mr. Wilkerson, is statutorily eligible for a term of probation, however it would be a below guideline sentence.

Mr. Wilkerson's performance in the RISE program has been described by Deputy Chief U.S. Probation Officer Brian McDonald in a separate submission to the Court and need not be repeated here.  The government intends to more fully inform the Court of its reasons during sentencing.  In short, the U.S. Attorney's Office is a strong proponent of the RISE program and believes in the transformative impact it can have on defendants.  When a defendant takes advantage of the opportunities the RISE program provides, this office gives that fact significant weight when determining an appropriate sentence recommendation.  In this case, based on the summary provided by PO McDonald, Mr. Wilkerson took full advantage of the opportunity he was given, has transformed his life, and perhaps most importantly – become a positive influence in his children's lives.  The U.S. Attorney's Office believes he should be rewarded for this.

Furthermore, a sentence of three years probation will allow the U.S. Probation Department the ability to continue to monitor Mr. Wilkerson and ensure his continued positive progression.  The U.S. Attorney's Office respects the turnaround Mr. Wilkerson has made in his life, strongly believes he has earned a non-committed sentence, and anticipates his continued success.

For these reasons and the reasons to be discussed at sentencing, the government respectfully requests the Court impose the following sentence:

- 3 years of probation with the standard conditions and any additional conditions as recommended by the U.S. Probation Department or the Court;

- no fine; and

- a mandatory $300 special assessment.


Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:  /s/ *Timothy E. Moran*
Timothy E. Moran

Date:  December 18, 2019       Assistant U.S. Attorney


## CERTIFICATE OF SERVICE

I, Timothy Moran, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date:  December 18, 2019       /s/ *Timothy E. Moran*
Assistant United States Attorney